# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANNIE DOLCE,

       Plaintiff,

v.                              Case No. 6:15-cv-2173-Orl-37KRS

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR HSI
ASSET SECURITIZATION,
CORPORATION TRUST, 2006-HE1,
MORTGAGE PASS-THROUGH
CERTIFICATE SERIES 2006-HE1;
WELLS FARGO BANK, N.A.; and
RONALD R. WOLFE & ASSOCIATES,
P.L.,

       Defendants.

## ORDER

Yesterday, this action was opened when Pro Se Plaintiff Annie Dolce ("**Plaintiff**") filed a Civil Cover Sheet (Doc. 1-2) and a verified document titled "Plaintiff's Petition to Set Aside Foreclosure Action and Writ of Possession [sic] Cancel Note and Deed of Trust for Fraud, Usury, Material Misrepresentation, Fraud in the Inducement, Fraud in Fact, Lack of Consideration, Claim in Recoupment, and Quiet Title Against All Known Counter and Cross Defendants and For Declaratory and Injunctive Releif [sic]" ("**Complaint**"). (Doc. 1, filed December 28, 2015.) Paragraph 4 of the Complaint indicates that Plaintiff seeks entry of a temporary restraining order ("**TRO**") to prevent the Defendants—Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization, Corporation Trust, 2006-HE1, Mortgage Pass-Through Certificate Series 2006-HE1

("**Deutsche**"), Wells Fargo Bank, N.A., and Ronald R. Wolfe & Associates, P.L.—from "foreclosing and/or selling Plaintiffs' [sic] residential property located at 895 Brookson Ave [sic] NW Palm Bay, Florida 32907" ("**Property**").[1] (*See id.* ¶ 4 ("**TRO Motion**"); *see also id.* ¶¶ 40, 100(a), 100(n).)

The twenty-five-page Complaint includes more than 100 incorrectly-numbered paragraphs grouped into confusing and disjointed sections, "claims" and "causes of action," which inexplicably incorporate preceding paragraphs by reference. (*See* Doc. 1.) Even a cursory review of the filing reveals that: (1) the Complaint is a shotgun pleading; (2) it fails to state a plausible claim or a basis for jurisdiction; and (3) it violates the minimal pleading standards set forth in Federal Rules of Civil Procedure 8, 9, and 10, and in Local Rules 1.05 and 1.06. Further, the TRO Motion violates the substantive and procedural requirements that must be satisfied when a party requests the extraordinary remedy of emergency injunctive relief. *See* Fed. R. Civ. P. 65; Local Rule 4.05.

Normally, the Court would deny a TRO motion filed with such fatal substantive and procedural errors, and the Court would dismiss (with leave to reassert) such an

---

[1] Plaintiff and Deutsche are parties to a foreclosure action concerning the Property, which Deutsche initiated on **May 29, 2012** in the Eighteenth Judicial Circuit Court in and for Brevard County, Florida ("**State Court**")—*Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-HE1, Mortgage Pass-Through Certificates, Series 2006-HE1 v. Annie Dolce*, No. 05-2012-CA-047366 ("**State Action**"). (*See* Doc. 1, ¶ 26; Doc. 1-1, pp. 4–6.) After a non-jury trial, the State Court entered a Final Judgment of Foreclosure in favor of Deutsche on **June 19, 2014** ("**Judgment**"). (*See* State Action, Docs. 77–78.) Deutsche then purchased the Property at a public sale on **October 22, 2014** ("**Public Sale**"), and the State Court Clerk issued a Certificate of Title for Deutsche on **November 6, 2014**. (*See id.* Docs. 84–85.) Almost a year later, the State Court issued a Writ of Possession then stayed the State Action. (*See id.* Docs. 95–98.) From the State Court's publicly-available docket for the State Action— *see* https://vweb1.brevardclerk.us/facts/caseno.cfm)—it appears that Plaintiff did not appeal from the Judgment or object to the Public Sale.

incomprehensible and impermissible shotgun pleading.[2] The Court will not do so here, however, because Plaintiff presently is the debtor in a Chapter 13 action that she filed in the U.S. Bankruptcy Court for the Middle District of Florida ("**Bankruptcy Court**") on **November 13, 2015**—*In re: Annie Dolce*, No. 6:15-bk-09594-CCJ ("**Proceeding**").[3] With certain exceptions, the filing of a bankruptcy proceeding triggers an automatic stay of judicial proceedings concerning the debtor and the property of the bankruptcy estate ("**Stay**"). *See* 11 U.S.C. § 362(a).[4] This action is just such a judicial proceeding;[5] thus, the Court cannot entertain this action until the Bankruptcy Court lifts the Stay in the Proceeding.

---

[2] *See Hammer v. Bank of Am.*, No. 8:13-cv-1910-33AEP, 2013 WL 3866532, at *4 (M.D. Fla. Jul. 25, 2013) (noting that the technical deficiencies in plaintiff's motion for a TRO to prevent foreclosure sale justified denial of the motion); *see also Bowen v. Wells Fargo Bank, N.A.*, No. 2:11-cv-91-FtM-29SPC, 2011 WL 766283, at *2 (M.D. Fla. Feb. 25, 2011) (denying motion for TRO to prevent foreclosure sale due to inadequate allegations to support jurisdiction); *Coyotes, LLC v. First Guaranty Bank & Trust Co. of Jacksonville, Inc.*, No. 3:10-cv-61-J-32HTS, 2010 WL 431763, at *2 (M.D. Fla. Jan. 26, 2010) (denying TRO to prevent foreclosure sale where plaintiff failed to support its claims with plausible allegations).

[3] Recently—on **June 18, 2015**—Plaintiff obtained a discharge in a separate bankruptcy proceeding that she initiated in the Bankruptcy Court—*In re: Annie Dolce*, No. 6:14-bk-013923-CCJ.

[4] *But see Stephens v. Seidman*, No. 5:11-cv-16-Oc-10KRS, 2011 WL 3156265, at *2, n.5 (M.D. Fla. July 26, 2011) (dismissing wrongful foreclosure action due to want of jurisdiction and rejecting plaintiff's argument that the court could not enter the order because plaintiff filed a bankruptcy petition).

[5] The State Action also is a proceeding subject to an automatic stay. *See In re: Ware*, 562 F. App'x 850, 852 (11th Cir. 2014) (noting that, upon the filing of a bankruptcy petition, a Stay "applies to 'the enforcement, against the debtor or against property of the estate of a judgment obtained before' the bankruptcy petition was filed" (quoting 11 U.S.C. § 362(a)(2)); *see also Miley v. Thornburg Mortgage Home Loans, Inc.*, 613 F. App'x 915, 916 (11th Cir. 2015) ("The filing of a bankruptcy petition operates as an automatic stay applicable to creditors seeking to foreclose on a debtor's property.").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. This action is **STAYED**, and the Clerk of the Court is **DIRECTED** to administratively close this action pending further proceedings to lift the automatic stay that was triggered when Plaintiff filed *In re: Annie Dolce*, No. 6:15-bk-09594-CCJ.

2. On or before **February 12, 2016**, and every 45 days thereafter, Plaintiff **SHALL** file a written notice with the Court that summarizes the status of the proceedings in *In re: Annie Dolce*, No. 6:15-bk-09594-CCJ.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 30, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Plaintiff

4